**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ROLANDO BERGANZA BUEZO; MARIA VICTORIA BLANCO PLACIOS DE BERGANZA, | No. 10-72022 |
| Petitioners, | Agency Nos.     A072-536-298 <br> A072-536-299 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:      ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Jose Rolando Berganza Buezo and Maria Victoria Blanco Placios de

Berganza, natives and citizens of Guatemala, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Petitioners claim past persecution and/or a fear of future persecution based on threatening phone calls in 1990 and 1992, an incident in 1994 in which their car was run off the road, and evidence from their tenant of problems after they left Guatemala.

Substantial evidence supports the agency's conclusion that the phone calls Blanco Placios de Berganza received did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment rather than persecution). Further, the record does not compel the conclusion that petitioners established the car incident was on account of their actual or imputed political opinion, or any other protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (petitioner must provide evidence of persecutor's motive). Accordingly, petitioners did not establish that they suffered past persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004).

In addition, substantial evidence supports the agency's conclusion that petitioners did not show that the calls and visits their tenant received were on account of a protected ground, *see id.*, or that the attack on her family members was related to them, *see Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (petitioner failed to show murder of friend and attempted murder of pastor were "part of a pattern of persecution closely tied to" petitioner himself) (internal quotation omitted). Nor have petitioners otherwise established a well-founded fear of persecution on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

In light of the foregoing conclusions, we need not reach petitioners' arguments regarding the weight given to the tenant's evidence. Further, we reject petitioners' contentions that the BIA's analysis was insufficient. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (agency "does not have to write an exegesis on every contention"). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to meet the lower standard of proof for asylum, their claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the denial of CAT relief because petitioners failed to establish it is more likely than not that they will be tortured if

returned to Guatemala.  *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**